Nasstassie **DORNES, By and Through her Guardian ad litem, Aura LOPEZ Plaintiff,**

v.

**Dolores LINDSEY, Principal of Etiwanda Middle School, in her individual capacity, Defendant.**

No. CV–97–9398–CAS.

United States District Court,
C.D. California,
Western Division.

Sept. 14, 1998.

Louis J. Morse, Louis J. Morse Law Offices, Los Angeles, CA, for plaintiff.

John E. Hayashida, Parker Covert & Chidester, Tustin, CA, for defendant.

## ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SNYDER, District Judge.

### I. *Introduction*

This matter was previously set to be heard on July 13, 1998. At that hearing, plaintiff requested a continuance of this matter pursuant to Fed.R.Civ.P. 56(f). The Court granted that request, and granted the parties leave to file supplemental declarations. Neither party has submitted any additional evidence. The Court has reviewed the briefs submitted by the parties in support of and in opposition to the present motion, as well as the case file and all exhibits. After consideration of this matter, the Court grants defendant's motion for summary judgment.

### II. *Factual Background*

The following facts are undisputed:

Plaintiff, a minor, sues through her guardian ad litem, Aura Lopez, for events occurring while she was a student at Etiwanda Middle School. On March 2, 1995, Dolores Lindsey, Principal of the Etiwanda Middle School and the sole remaining defendant in

this case,[1] was informed that a student, Valerie, had a small bag of marijuana in class and was showing it to others. Upon receiving this information, Lindsey interviewed Valerie, who reported that plaintiff Nastassie Dornes had brought the marijuana to school and given it to her. Lindsey then interviewed plaintiff, who denied bringing the marijuana to school. Lindsey decided not to recommend any discipline pending further investigation.

On the evening of March 2, plaintiff received a telephone call at her home in which a student named "Mandy" told the plaintiff that she had better confess to bringing the marijuana to Valerie because otherwise Valerie's boyfriend might be blamed. The caller apparently also threatened violence against plaintiff if she failed to confess. Plaintiff and her mother reported this incident to the assistant principal at the school, who in turn reported it to Lindsey.

On March 7, 1995, a student named "Mandy" went to Lindsey's office and reported that a student named Regina had witnessed plaintiff giving the marijuana to Valerie on March 2. Lindsey then interviewed Regina and took a written statement from her. Regina explained that plaintiff had come up to her in the morning and asked her to accompany her as she attempted to find Valerie, because she had some drugs to give Valerie. Regina said that the two of them located Valerie, whereupon plaintiff gave the marijuana to Valerie and told her not to tell where she got it. After hearing this statement, Lindsey contacted Regina's mother. On March 8, Regina's mother called Lindsey to report that she talked to Regina at length the night before and was convinced that Regina was telling the truth. Regina's mother said that Regina would give a sworn statement because "she wants to do the right thing." Regina then gave Lindsey a second written statement.

In the course of her investigation, Lindsey apparently interviewed a number of other students, but she has not disclosed the identities of these students. According to Lindsey, none of these students provided information that supported plaintiff's version of the events in question.

On March 17, 1995, Lindsey wrote a letter to the District Superintendent, Gene Newton, indicating that based on her investigation and interviews with witnesses, she recommended that plaintiff be expelled from the school. One of the reasons given in support of this recommendation was the fact that two students were willing to testify under oath against the plaintiff. Lindsey did not recommend the length of the expulsion in her letter. Plaintiff has offered no evidence that Lindsey's recommendation was based on the plaintiff's race, ethnicity, or national origin.

An expulsion hearing was conducted before a three-person panel on May 23, 1995. Lindsey was not part of the panel. After the hearing, the panel recommended that plaintiff be expelled for the remainder of the current semester, and for the first semester of the following school year. On May 25, 1996, the district's Board of Education accepted the recommendation of the hearing panel and expelled plaintiff. Plaintiff then appealed to the San Bernardino Board of Education, which remanded the case back to the Etiwanda School District, citing the inability of the district to prepare a reasonably accurate and complete written transcript of the proceedings because of a tape recording malfunction. On remand, a different three-person hearing panel conducted another full hearing in the matter on October 13, 1995, and concluded there was insufficient evidence to expel the plaintiff. Plaintiff was then reinstated as a regular student at the school.

### III. *Standard for Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The standard set forth in Rule 56(c) is met when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Abromson v.*

---

1. Defendant Gene Newton was dismissed from this case on June 29, 1998.

American Pacific Corp., 114 F.3d 898, 902 (9th Cir.1997). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it could affect the outcome of the suit under the governing law. *Id.*

When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir.1997).

## IV. *Analysis*

Plaintiff's complaint alleges civil rights, due process, and equal protection violations.

■ First, as to her equal protection claim, plaintiff has provided no evidence that any of her equal protection rights were violated. Plaintiff has not made specific allegations of racial discrimination in her complaint, nor has she provided evidence of the race of any of the participants in the events described above. At the previous hearing on this matter, counsel for plaintiff indicated that plaintiff is the only African–American student at the school. However, plaintiff has presented no evidence of this alleged fact. Moreover, even if this allegation is proven, it does not establish a violation of equal protection. Plaintiff provides no evidence that she was treated differently from any other students based on her race. Nor does she provide evidence of a pattern or practice of racial discrimination in defendant Lindsey's general administration of discipline at the school, or of a disparate impact on members of a protected class. Further, plaintiff agrees that defendant Lindsey's recommendation of expulsion was not based on plaintiff's race, ethnicity, or national origin. Plaintiff's Statement of Genuine Issues of Material Fact ¶ 18. Consequently, the Court must grant defendant's summary judgment motion on plaintiff's equal protection claims.

Plaintiff also alleges that her due process rights were violated, apparently based on denial of a fair trial, improper investigation, and violation of California Education Code § 48900. Plaintiff likewise has failed to provide sufficient evidence to defeat defendant's motion for summary judgment on her due process claims.

■ In the context of student disciplinary proceedings where expulsion is sought, the basic requirements for due process are prior notice and a hearing. *Sweet v. Childs*, 507 F.2d 675, 681–82 (5th Cir.1975). Brief suspensions, however, may be made without a prior hearing. *Black Coalition v. Portland School District No. 1*, 484 F.2d 1040, 1044 (9th Cir.1973). There is no dispute on this record that plaintiff was given adequate notice of each of the administrative proceedings in this matter. Further, the record indicates that a full hearing was conducted in this matter, that plaintiff was present at the hearing, and that she was represented there by counsel. Her counsel was given an opportunity to present witnesses on her behalf, and to cross-examine adverse witnesses. *Id.* 484 F.2d at 1045. The record indicates that plaintiff's counsel took full advantage of these opportunities. Plaintiff's due process claims are not based on the suspension period authorized by defendant Lindsey pending the expulsion hearing, and, in any event, the suspension was appropriate under the *Black Coalition* standard.

Moreover, there is no evidence that the manner in which the hearings were conducted violated any section of the California Education Code. The administrative proceedings in this matter complied with § 48918 as to the timing, notice, and manner of conducting the hearings. As to the type of evidence received, § 48918(h) allows the panel to consider "relevant evidence" that "is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs." A decision to expel generally is not to be based "solely upon hearsay evidence," § 48918(f), but must be supported by "substantial evidence" that the student committed the alleged acts. Cal. Educ.Code § 48918(h).

■ The district's reliance, in some instances, on students' statements and reports in lieu of live testimony likewise does not constitute a due process violation. Contrary to plaintiff's argument, where revelation of the name of a student witness or requiring that student to testify could subject the student to risk, statements and reports of such students may be relied on in lieu of live testimony, and the students' names do not have to be revealed. *John A. v. San Bernardino City Unified School District,* 33 Cal.3d 301, 307–08, 187 Cal.Rptr. 472, 654 P.2d 242 (1982). Unlike the hearings in *John A.,* the record presently before this Court indicates that this panel heard live testimony of several witnesses, including two eyewitnesses to the alleged wrongful acts and the plaintiff herself. Although the first hearing resulted in a recommendation for expulsion, the panel that conducted the second hearing reached the opposite result. Both results were supported by factual findings based on the testimony of witnesses at the hearings. Plaintiff offers no evidence that the panels failed to consider relevant evidence offered to them at the hearings or that they relied solely on hearsay evidence in reaching their conclusions.

■ More importantly, plaintiff does not provide evidence that defendant Lindsey was responsible for the manner in which the hearings were conducted, or that she had any say in what evidence the panel members considered in making their determinations. Further, plaintiff may not properly complain of Lindsey's actions in conducting her investigation of the allegations against plaintiff, nor may plaintiff complain of Lindsey's decision to suspend plaintiff and recommend her expulsion. Lindsey's actions are plainly authorized by· Cal. Educ.Code § 48900, which gives the principal of the school the responsibility for determining whether certain wrongful acts have occurred. The actions listed in § 48900 include possession of or furnishing to others controlled substances on school grounds. § 48900(c). Students may be suspended or recommended for expulsion if the principal determines that this has occurred.

■ The undisputed facts show that defendant Lindsey was acting within the scope of her statutory authority when she conduct-

ed her investigation and made her recommendations to the district. Plaintiff presents no evidence, other than unsupported, bare allegations argued in opposition to the present motion, that Lindsey coerced some of the witnesses or that the witnesses allegedly coerced actually testified falsely during the investigation or at the hearings. Indeed, the record shows that Lindsey conducted a thorough investigation of the facts, and did not make the decision to recommend expulsion until she had collected multiple accounts of the events that took place and had considered plaintiff's own statements. There is no basis for finding defendant Lindsey liable on this record. Consequently, summary judgment on plaintiff's due process claims is appropriate.

Because there is no underlying constitutional or statutory violation present on this record, plaintiff's claims for relief under 42 U.S.C. § 1983 must also fail. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

### V. *Conclusion*

For all of the reasons set forth above, the Court grants defendant Dolores Lindsey's motion for summary judgment.

IT IS SO ORDERED.